SUSAN C. CRAM *vs.* JAMES W. BAILEY & another.

The owner of property, by joining in a mortgage of it from another person, does not estop himself to assert his title as against any one but the mortgagee; and, in an action of tres- pass against an officer attaching it as the property of that person, may recover the full value of the property, notwithstanding a settlement made between the attaching cred- itor and the mortgagee without the mortgagor's assent.

ACTION OF TORT against a deputy sheriff and his assistant, for taking and carrying away personal property. The defend- ants denied that it was the property of the plaintiff, and justi- fied under a writ of attachment against Maria A. Cram.

At the trial in the court of common pleas before *Briggs*, J , it appeared that by a mortgage, dated December 6th 1854, made by said Maria, and signed also by the plaintiff, and duly recorded, this and other property were conveyed to Ebenezer B. Chase, to secure the payment, in sixty days from date, of fifty dollars due him from said Maria, the plaintiff's daughter, with whom she lived, and in whose house the property was; and that Chase, when he received the mortgage, and the defendants, when they took this property, knew that it was the plaintiff's.

The defendants requested the judge to instruct the jury that the mortgage of this property by the daughter, assented to in writing by the plaintiff, and recorded, rendered the property lia- ble to attachment as the daughter's, and estopped the mother to maintain this action. But the judge refused.

The defendants also contended that the plaintiff could at most recover only the value of the right of redeeming the prop- erty from the mortgage; and that the jury, in assessing dam-

ages, should deduct the amount of the mortgage debt. But the judge ruled that the plaintiff was entitled to recover if anything the full value of the property.

The defendants, in mitigation of damages, also offered in evidence an agreement signed by Chase, by which, in consideration of having received from the defendant Bailey $25, the proceeds of a part of the property mortgaged and attached as aforesaid, he released said defendant and the attaching creditors from all claim for damages on account of that part of the property. But the judge rejected the evidence as incompetent and immaterial.

The jury found for the plaintiff, and the defendants excepted.

*R. Cross,* for the defendants.

*D. Saunders, Jr.,* for the plaintiff.

BY THE COURT. 1. The plaintiff's right in her property was not devested or changed, as against strangers, by reason of her having mortgaged it for her daughter's debt. As against all persons but the mortgagee and those claiming under him, she had the right of property and of possession, and can maintain this action.

2. The measure of damages to the plaintiff was the value of the property at the time when it was taken. The fact that a third person had a claim upon it did not diminish the plaintiff's claim for damages. *Ullman* v. *Barnard,* 7 Gray, 558.

3. The settlement made by the attaching creditors with the mortgagee, without the plaintiff's knowledge or consent, did not affect the plaintiff's claim for damages. It did not appear but that the daughter would pay the whole of her debt.

*Exceptions overruled.*